NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TOMAS GOMEZ BUENO,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

Civil Action No. 26-cv-07421

ORDER

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Tomas Gomez Bueno ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued immigration detention under 8 U.S.C. § 1225 as an arriving alien or applicant for admission, despite his prior entry into and continued residence within the United States (ECF No. 1); and

**WHEREAS**, Petitioner is a 42-year-old native and citizen of Mexico who entered the United States without inspection in or about June 2024 and has resided continuously in the United States since then (*id.* ¶¶ 12–13); and

**WHEREAS**, Petitioner was detained by Immigration and Customs Enforcement on or about June 17, 2026, while traveling to work, and has remained detained at the Delaney Hall Detention Center since that time (*id.* ¶¶ 1, 12, 20); and

**WHEREAS**, Petitioner resides in Lakewood, New Jersey, maintained stable employment in the landscaping industry prior to his detention, and has substantial ties to the community through his residence, long-term relationship, and employment (*id.* ¶¶ 14–15, 17, 21); and

**WHEREAS**, Petitioner further alleges that he has no criminal record and does not present either a danger to the community or a risk of flight (*id.* ¶¶ 18, 21–22); and

**WHEREAS**, Petitioner's removal proceedings are pending before the Elizabeth Immigration Court, where a master calendar hearing has been scheduled before an Immigration Judge (*id.* ¶ 19); and

**WHEREAS**, Respondents filed a Response to the Petition on June 29, 2026, that cites authority which they acknowledge has been rejected by several courts to reach the issue in this District[1] (ECF No. 5); and

**WHEREAS**, the Court has reviewed the Petition (ECF No. 1), the Response (ECF No. 5) and resolves this matter on the present record and statutory grounds; and

**WHEREAS**, it appears to the Court, at a minimum, that Petitioner is being unlawfully detained under Respondents' repeated invocation of 8 U.S.C. § 1225 because, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, _____ F. Supp. 3d _____, No. 25-16200, 2025 WL 2976572 (D.N.J. Oct. 22, 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected

---

[1] *See, e.g., Marca Lemu v. Soto,* No. 25-cv-17098 (RMB), 2025 WL 3470298 (D.N.J. Dec. 3, 2025); *Perez v. Lyons,* No. 25-cv-17186 (ESK), 2025 WL 3238540 (D.N.J. Nov. 19, 2025); *Ayala Amaya v. Bondi,* No. 25-16427 (ESK), 2025 WL 3033880 (D.N.J. Oct. 30, 2025); *Smit Patel v. Almodovar,* No. 25-15345 (SDW), 2025 WL 3012323 (D.N.J. Oct. 28, 2025); *Lomeu v. Lyons,* No. 25-16589 (EP), 2025 WL 2981296 (D.N.J. Oct. 23, 2025); *Contreras Maldonado v. Cabezas,* No. 25-13004 (JKS), 2025 WL 2985256, at *2 (D.N.J. Oct. 23, 2025); *Soto v. Soto,* No. 25-16200 (CPO), 2025 WL 2976572 (D.N.J. Oct. 22, 2025); *Castillo v. Lyons,* No. 25-16219 (MEF), 2025 WL 2940990 (D.N.J. Oct. 10, 2025); *Rivera Zumba v. Bondi,* No. 25-14626 (KSH), 2025 WL 2753496 (D.N.J. Sept. 26, 2025), *appeal filed sub nom. Rivera Zumba v. U.S. Attorney Gen.,* No. 25-3328 (3d Cir. Dec. 2, 2025).

the Government's position in approximately 300 cases to date, a number which climbs with every passing day. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); *see also* App., *Demirel*, 2025 WL 3218243 (ECF No. 11-1) (collecting cases); and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions" *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained"). The Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g., Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at *7 & n.4 (E.D. Mich. Aug. 29, 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision"); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing

3

the impropriety of allowing the government to proceed on "*post hoc* justifications for detention");

*cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning"); therefore

**IT IS,** on this 1st day of July 2026,

**ORDERED** that Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner **WITHIN 24 HOURS** of this Order, under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that Respondents are **ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

**Hon. Karen M. Williams,**
**United States District Judge**